# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2022

Lyle W. Cayce
Clerk

No. 21-40437
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE MANUEL LOPEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:19-CR-182-5

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Jose Manuel Lopez was convicted of conspiracy to possess with intent to distribute five kilograms and more of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers. He was sentenced to 120 months of imprisonment and five

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

years of supervised release. He argues on appeal that the district court erred in enhancing his sentence under U.S.S.G. § 3B1.1(c) based on his role as an organizer, leader, manager, or supervisor and in denying him a safety-valve adjustment. He contends that there was not at least one "participant" in the offense and that he was only a middleman who received instructions from others during the drug transactions at issue.

The issue whether a defendant was an organizer, leader, manager, or supervisor under § 3B1.1(c) is a finding of fact that is reviewed for clear error. *United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015). We review the issue whether Lopez was a mere middleman for clear error because he objected on this basis at sentencing, *see United States v. Sims*, 11 F.4th 315, 324 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 827 (2022), but we review the issue whether there was at least one "participant" in the offense for plain error only because Lopez did not present this argument in the district court, *see United States v. Anguiano*, 27 F.4th 1070, 1075 (5th Cir. 2022). To establish plain error, Lopez must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, this court has the discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted, alteration in original).

Section 3B1.1(c) provides for a two-level enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in [§ 3B1.1](a) or (b)." § 3B1.1(c). To qualify for this enhancement, a defendant is required to have been the organizer, leader, manager, or supervisor of at least one other participant. § 3B1.1, comment. (n.2). "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." § 3B1.1, comment. (n.1).

Lopez has not demonstrated under the plain-error standard of review that it was clear or obvious error for the district court to infer from the available facts that Lopez controlled at least one participant. *See Puckett v. United States*, 556 U.S. at 135; *United States v. Ismoila*, 100 F.3d 380, 394 (5th Cir. 1996). Accordingly, Lopez has not demonstrated, based on this argument, that the district court plainly erred in applying the § 3B1.1(c) enhancement. *See Puckett*, 556 U.S. at 135; U.S.S.G. § 5C1.2(a) & comment. (n.5). As to Lopez's argument that he was a mere middleman, the record supports a plausible finding under the clear-error standard of review that he in fact took on a role as an organizer, leader, manager, or supervisor of at least one "participant"; thus Lopez has not demonstrated that the district court committed clear error by overruling his objection to the enhancement on this basis and by not applying the safety-valve reduction based on his role in the offense. *See Ochoa-Gomez*, 777 F.3d at 281-2; U.S.S.G. § 5C1.2(a) & comment. (n.5).

AFFIRMED.